[No. 12563. In Bank. — June 20, 1888.]

AUGUSTA MAGGINI, ADMINISTRATRIX ETC. OF CHARLES MAGGINI, DECEASED, RESPONDENT, *v.* ANTONIO PEZZONI, APPELLANT.

DEED — CANCELLATION FOR INVALIDITY — PLEADING. — In an action to set aside a deed for unsoundness of mind of the grantor, and undue influence alleged to have been exerted over him by the defendant, an objection that the complaint does not positively allege that he executed the deed to the defendant must be raised by demurrer, or it will be disregarded as a defect not affecting the substantial rights of the parties, if there is an attempt to allege it, and the court finds as a fact that the deed was executed by the grantor to the defendant.

ID. — UNSOUNDNESS OF MIND — UNDUE INFLUENCE — WANT OF CONSIDERATION. — A finding that the grantor at the time of executing the deed was of unsound mind, and that he made it without consideration, will sustain a judgment setting aside the deed, though it be found that no unfair advantage was taken or undue influence exercised over the grantor by the defendant.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*J. M. Wilcoxon,* and *W. C. Stratton,* for Appellant.

*Thomas McNulta,* and *B. F. Thomas,* for Respondent.

SHARPSTEIN, J.—The appeal is from the judgment, and two questions are presented for our consideration:—

1. Does the complaint state facts sufficient to constitute a cause of action?

2. Do the findings support the judgment?

The action is brought to have a certain deed vacated and set aside, and the record thereof canceled.

The plaintiff sues as the administratrix of Charles Maggini, deceased, and alleges that at a time when he was of unsound mind and incapable of making any contract or transacting any business, the defendant, by taking an unfair advantage of said Maggini's weakness of mind and incapacity to transact business, induced and procured him to give an apparent consent to the execution and delivery of a grant deed for certain premises described in said complaint to the defendant, for the pretended consideration of one thousand dollars; that the deed was given without consideration, and that it is recorded in the office of the county recorder. The objection to the complaint is, that it does not contain a direct, positive allegation that said Charles Maggini executed a deed to the defendant. This is an objection which ought to have been obviated when the complaint was demurred to, if not before; but we are not disposed to treat the objection now as a fatal one. "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed by reason of such error or defect." (Code Civ. Proc., sec. 475.)

Here there is an attempt to allege what should be alleged in plain, positive language. The failure constitutes a defect in the pleading, which, in our opinion, does not affect the substantial rights of the parties. The court found that a deed was executed by said Maggini to the defendant, and a copy of the deed is contained in one of the findings. With nothing outside of

the judgment roll before us, we must assume that all the findings are justified by the evidence. That being so, we think the substantial rights of the parties were not affected by the defect objected to.

The findings that said Charles Maggini was at the time of executing said deed of unsound mind, and incapable of making a deed, and that he made it without consideration, are, in our opinion, sufficient to support the judgment. The finding that defendant took. no unfair advantage of said Maggini, and exercised no undue influence over him, negatives some of the allegations of the complaint, but the allegation that at the date of the execution of the deed said Maggini was of unsound mind, and incapable of making a contract, and that there was no consideration for the deed, is found to be true, and that is sufficient to entitle the plaintiff to the relief granted her.

Judgment affirmed.

SEARLS, C. J., McFARLAND, J., McKINSTRY, J., THORNTON, J., and PATERSON, J., concurred.